UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS P. BUSH,

        Petitioner,                         Case No. 1:13-cv-142

v.                                               Honorable Robert J. Jonker

STEVEN RIVARD et al.,

        Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Douglas P. Bush is incarcerated by the Michigan Department of Corrections at the St. Louis Correctional Facility. He contends that the Michigan parole board has denied him parole in violation of his constitutional rights and in violation of the Michigan parole guidelines. Apparently, the board determined, based on Petitioner's criminal history and the nature of his crime, that it lacked assurance that Petitioner would not be a threat to society. That finding, Petitioner asserts, was not adequately supported by evidence, and amounts to a double-jeopardy violation and a violation of his right to equal protection and due process. In addition, the parole board apparently inquired as to whether Petitioner accepted responsibility for his crime, but Petitioner maintained his innocence. He asserts that the parole board's inquiry violates his rights under the First and Fifth Amendments. He also broadly alleges that the parole board is guilty of conspiracy under 42 U.S.C. § 1985, and a variety of state-law violations, including: fraud, malicious prosecution, misuse of the legal system, abuse of process, misrepresentation, suppression and falsification of evidence, obstruction of justice, false charges, and extortion. Finally, Petitioner asserts that he has been classified to level 4 security for over a year in retaliation for telling a judge and prosecutor, "I know what you did and how you did it, and I AM GOING TO TAKE YOUR ASS INTO COURT AND KICK YOUR ASS." (Pet., docket #1, Page ID#4.)

**Discussion**

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241 and Rule 60 of the Federal Rules of Civil Procedure. Rule 60 does not provide for an independent cause of action; however, § 2241 generally authorizes federal district courts to issue a writ of habeas corpus

to a state or federal prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### A. Procedural Due Process

Petitioner claims that the parole board violated his due process rights. To establish a procedural due process violation, Petitioner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Petitioner fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole.

*See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Thus, Petitioner fails to state a claim for a violation of his due process rights arising from the denial of his parole.

### B. Fifth Amendment

Petitioner also asserts that the parole board violated his Fifth Amendment right not to incriminate himself and continues to violate his Fifth Amendment right when he was denied parole because he maintained his innocence for his crime. That assertion is without merit.

It is well-settled that the Fifth Amendment right against self-incrimination is not implicated by the alleged pressure on a prisoner to admit that he committed the crime for which he is incarcerated, in order to improve his chances for parole. *See Hawkins v. Morse*, No. 98–2062, 1999 WL 1023780, at *2 (6th Cir. Nov. 4, 1999) (citing *Ohio Adult Parole Auth.*, 523 U.S. at 285–88 (1998)); *see also Rice v. Mich. Parole Bd.*, No. 1:05–cv–549, 2005 WL 2297463, at *3–4 (W.D. Mich. Sept. 21, 2005) (Fifth Amendment extends only to proceedings in which answers might incriminate the individual in future criminal proceedings; therefore refusal to admit to crimes of which prisoner had already been convicted did not implicate Fifth Amendment). Therefore, the parole board's consideration of Petitioner's refusal to admit guilt for the crimes of which he already has been convicted does not violate his Fifth Amendment rights.

### C.  First Amendment

Petitioner also asserts a violation of his rights under the First Amendment.  To the extent that he refers to the parole board's inquiry into his acceptance of guilt for his crime, he does not state a First Amendment claim.  In *Hawkins*, 1999 WL 1023780, at *2, the Sixth Circuit affirmed the dismissal of a prisoner's similar First Amendment claim, stating that "the parole board's consideration of a prisoner's willingness to accept responsibility for committing a crime does not force [the prisoner] to admit his guilt.  [The prisoner] is free to maintain his innocence." *Id.*; *see also Hawkins v. Abramajtys*, No. 99–1995, 2000 WL 1434695, at *1 (6th Cir. Sept. 19, 2000) (reaffirming the decision in *Hawkins*).

The Third Circuit addressed the issue in more detail in *Newman v. Beard*, 617 F.3d 775 (3d Cir. 2010).  The court acknowledged that the First Amendment protects both the right to speak freely and the right not to speak at all.  *Id.* at 781 (citing *Wooley v. Maynard*, 430 U.S. 705, 714 (1977)).  The Amendment ordinarily prevents the state from "inquir[ing] about a man's views or associations solely for the purpose of withholding a right or benefit because of what he believes." *Newman*, 617 F.3d at 781 (quoting *Baird v. State Bar of Ariz.*, 401 U.S. 1, 7 (1971)).  As the Supreme Court repeatedly has recognized, however, incarceration necessarily "imposes restrictions on a prisoner's rights."  *Id.* (quoting *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977)).  A prisoner retains only those First Amendment rights that are not "inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological

interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The court in *Newman* held that the prisoner failed to make the necessary showing under *Turner*. *See Newman*, 617 F.3d at 781.

Here, as in *Newman*, Petitioner fails to allege or show that the requirement that he admit guilt serves no legitimate penological purpose or is unrelated to rehabilitation. Indeed, the Supreme Court has recognized that "'States . . . have a vital interest in rehabilitating convicted sex offenders' and 'acceptance of responsibility for past offenses' is a 'critical first step' in a prison's rehabilitation program for such offenders.'" *Id.* (quoting *McKune*, 536 U.S. at 33). *McCune*'s observation regarding sex-offender rehabilitation readily extends to rehabilitation of prisoners convicted of other crimes. In other words, Petitioner's First Amendment claim is without merit.

### D. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Petitioner does not assert that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc.*, 470 F.3d at 298. "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the

government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection claim, Petitioner must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, Petitioner does not identify the basis on which he was treated differently. Moreover, he fails to identify any prisoner who was similarly-situated to him in all relevant respects but obtained a favorable result with the parole board. Thus, his equal-protection claim is without merit.

### E. Double Jeopardy

Petitioner claims that the denial of parole constituted double jeopardy. "The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Rashad v. Burt*, 108 F.3d 677, 679 (6th Cir. 1997) (quoting U.S. Const., amend. V). The Double Jeopardy Clause prohibits multiple punishments for the same criminal offense. *United States v. Hebeka*, 89 F.3d 279, 282 (6th Cir. 1996). Because Petitioner has no legitimate entitlement to parole prior to the completion of his sentence, the denial of parole cannot constitute double jeopardy. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). The denial of parole does not change the length of Petitioner's sentence; it merely denies him an early release. Therefore, it cannot possibly be viewed as the imposition of more than one punishment for the same offense. *Mahn v. Gunter*, 978 F.2d 599, 602 (10th Cir. 1992); *Alessi v. Quinlan*, 711 F.2d 497, 500 (2d Cir. 1983); *Averhart v. Tutsie*, 618 F.2d 479, 483 (7th Cir. 1980);

*Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 217 (5th Cir. 1976). Consequently, Petitioner's double jeopardy claim is also without merit.

### F. Retaliation

Petitioner also claims that the parole board denied him parole in retaliation for his decision to maintain his innocence. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394.

Petitioner's claim is unsupported. He alleges no facts whatsoever regarding his parole proceedings to indicate that the parole denials were motivated by any protected conduct. Furthermore, as noted, *supra*, the parole board could properly consider whether Petitioner accepted responsibility for his crime, and it could deny him parole based on evidence that he did not accept such responsibility. *See Newman*, 617 F.3d at 781 n.3 (dismissing prisoner's retaliation claim challenging a requirement that he admit guilt as a condition for parole).

Petitioner also contends that he is currently in a higher level of security in retaliation for threatening statements that he made toward a judge and prosecutor. That claim is also unsupported by any facts suggesting retaliation. Also, it is not the proper subject of a habeas corpus action because it does not challenge the validity of his custody; it merely challenges his prison conditions. Thus, Petitioner's retaliation claim is also without merit.

### G. Conspiracy

Petitioner asserts that the parole board engaged in a conspiracy in violation of 42 U.S.C. § 1985. Because Petitioner has not alleged or shown a viable constitutional claim, his assertion that members of the parole board engaged in a conspiracy in violation of his constitutional rights is without merit.

### H. State Law

Petitioner contends that the parole board violated various state laws and parole guidelines. Federal courts may issue a writ of habeas corpus to release a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984). Accordingly, Petitioner's claim that the parole board violated state law or parole guidelines does not state a meritorious claim to relief under § 2241.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly

unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:      April 29, 2013            /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE